**IN THE COURT OF APPEALS OF TENNESSEE**
**EASTERN SECTION AT KNOXVILLE**

FILED

May 30, 1996

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| CORNELIUS OGLEVIA MURPHY, | ) | BRADLEY CIRCUIT |
| | ) | |
| Appellant | ) | |
| | ) | NO. 03A01-9511-CV-00403 |
| v. | ) | |
| | ) | |
| CARMEN SUZETTE MURPHY | ) | |
| HUMPHREY, | ) | |
| | ) | |
| Appellee | ) | AFFIRMED and REMANDED |

Roger E. Jenne, Cleveland, for the Appellant.

Jeffrey A. Miller, Cleveland, for the Appellee.

## O P I N I O N

**INMAN, Senior Judge**

These parties were divorced in 1986. Custody of Ashley, then 6 months old, was awarded to her mother, appellee herein.

In June 1995, pursuant to a petition filed by the mother, she was allowed to remove the child from Bradley County, Tennessee to Singapore. Her second husband, an executive with the Duracell organization, had accepted a position with his company in Singapore and she wished to join him there, taking the child with her. The father appeals, claiming that the removal was inimical to the best interests of the child.

We need not burden those interested with a recitation of the evidence offered on the issue of the propriety of the removal of the child. A great deal of evidence was offered concerning this issue, particularly as to whether the removal was contrary to the best interests of Ashley.

The recent case of *Gene V. Aaby v. Judy Aaby Strange,* ____S.W.2d____, (Tenn. 1996), opinion filed April 22, 1996, forecloses our decision. The custodial mother in *Aaby* petitioned to remove her child from Knoxville to Bardstown,

Kentucky, so that she might join her second husband there. This court denied permission, finding that the removal was adverse to the interests of the child. (No. 03A01-9406-00192, Tenn. Ct. App. Jan. 27, 1995). The Supreme Court reversed, holding that "a custodial parent will be allowed to remove the child from the jurisdiction unless the non-custodial parent can show by a preponderance of the evidence that the custodial parent's motives for moving are vindictive - - that is, intended to defeat or deter the visitation rights of the non-custodial parent."

The Court then added a safeguard provision that if removal posed a specific, serious threat of harm to the child, the non-custodial parent may file a petition for change of custody based on material change of circumstances.

There is no evidence of vindictiveness in this record, and neither is there evidence that the removal to Singapore would pose a specific, serious threat of harm to Ashley.

Finally, we observe that the trial judge fashioned a visitation schedule in his commendable efforts to assist the appellant to maintain a parental relationship with Ashley.

The judgment is affirmed at the costs of the appellant and the case is remanded.

_____
William H. Inman, Senior Judge

CONCUR:


_____
Houston M. Goddard, Presiding Judge


_____
Don T. McMurray, Judge

2